

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 13, 2022

**VIA ECF**

Hon. John F. Keenan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:** ***United States v. Fidencio Crespo-Castelan*, 22 Cr. 9 (JFK)**

Dear Judge Keenan:

      The Government writes in opposition to defendant Fidencio Crespo-Castelan's motion to dismiss the indictment. Crespo is charged in one count with illegally reentering the United States following his prior removal from the country, in violation of 8 U.S.C. § 1326. He argues that Section 1326 violates the equal protection guarantee of the Fifth Amendment Due Process Clause. This motion echoes claims brought recently across the United States against enforcement of Section 1326. Courts have repeatedly found that Section 1326 was not enacted with a racially discriminatory purpose and that enforcement of the law does not violate the Constitution. With one exception of an outlier decision from the District of Nevada, every judge to address the issue, including Judge Marrero of this District, has rejected the argument. *See United States v. Suquilanda*, No. 21 Cr. 263 (VM), 2021 WL 4895956 (S.D.N.Y. October 20, 2021).

Background

      Fidencio Crespo-Castelan, the defendant, is a Mexican citizen who has never been a citizen or legal resident of the United States. In 2005, Crespo was arrested while smuggling 13 individuals into the United States. ECF No. 1, "Compl." ¶ 3(b). He was charged and convicted of alien smuggling, in violation of 8 U.S.C. § 1324, and sentenced to 15 months' imprisonment. Compl. ¶ 3(c). In 2006 he was deported from the United States to Mexico. Compl. ¶ 3(d). Crespo returned to the United States following his deportation without legal authorization to do so. In December 2021, he was charged by complaint and arrested for illegal returning to the United States following his deportation for an aggravated felony offense, in violation of 8 U.S.C. § 1326(a), (b)(2). He was indicted on the same charge in January 2022.

      In April 2022, Crespo filed the instant motion to dismiss the indictment. ECF Nos. 15-17. Crespo alleges that "the crime of illegal reentry was enacted with a discriminatory purpose whose taint has never been lifted," making enforcement of Section 1326 a violation of the Fifth Amendment. ECF No. 16, "Def. Mem." 4.

Legal Standard

Crespo is charged with violating 8 U.S.C. § 1326, a law first that was first enacted as part of the Immigration and Nationality Act ("INA") in 1952. *See* Pub. L. No. 100-690, 66 Stat. 229. The INA and Section 1326 were enacted pursuant to the "plenary congressional power to make policies and rules for exclusion of aliens." *Kleindienst v. Mandel*, 408 U.S. 753, 769, (1972). Accordingly, the law is subjected to rational basis review and survives a due process and equal protection challenge if the law's provisions are "rationally related to a legitimate government interest." *Jankowski-Burczyk v. I.N.S.*, 291 F.3d 172, 177 (2d Cir. 2002).[1]

Argument

Crespo's motion is one of the latest in a series of challenges nationwide to Section 1326. With only one exception from the District of Nevada, these challenges to Section 1326 have all been rejected. *See, e.g.*, *United States v. Palacios-Arias*, No. 20 Cr. 62 (JAG), (E.D. Va. Oct. 13, 2020); *United States v. Zepeda*, No. 20 Cr. 57 (FMO), 2021 WL 4998418 (C.D. Cal. Jan. 5, 2021); *United States v. Machic-Xiap*, 552 F. Supp. 3d 1055 (D. Ore. 2021); *United States v. Novondo-Ceballos* 554 F. Supp. 3d 1114 (D.N.M. 2021); *United States v. Gutierrez-Barba*, No. 19 Cr. 1224 (DJH), 2021 WL 2138801 (D. Ariz. May 25, 2021); *United States v. Bernal*, No. 21 Cr. 1817 (TWR), 2021 U.S. Dist. LEXIS 178922 (S.D. Cal. Sept. 20, 2021); *United States v. Sanchez-Rodriguez*, No. 21 Cr. 02351 (TWR), 2021 U.S. Dist. LEXIS 178896 (S.D. Cal. Sept. 20, 2021); *United States v. Orozco-Orozco*, No. 21 Cr. 02349 (TWR), 2021 U.S. Dist. LEXIS 178951 (S.D. Cal. Sept. 20, 2021); *United States v. Suquilanda*, No. 21 Cr. 263 (VM), 2021 WL 4895956 (S.D.N.Y. October 20, 2021); *United States v. Samuels-Baldayaquez*, No 20 Cr. 83 (DCN), 2021 WL 5166488 (N.D. Ohio Nov. 5, 2021); *United States v. Amador-Bonilla*, No. 21 Cr. 187 (RJC),

---

[1] The defense argues the strict scrutiny test of *Village of Arlington Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252 (1977) applies to this equal protection claim. Def. Mem. 4-5. Under this test, the burden is on the defendant to establish that a "discriminatory purpose was a motivating factor" in the enactment of the challenged law. *Id.* at 270. Only if the defendant can make this threshold showing does the burden shift to the Government to the law would have been enacted even absent the alleged discriminatory purpose. *Id.* at 270 n.21.

Courts nationwide have been near-unanimous in rejecting the identical challenges brought by other defendants to Section 1326's constitutionality, *see* below, but they have been split on the standard of review to apply. Many courts have engaged in rational basis review and rejected the challenges because Section 1326 is a facially neutral immigration law that is plainly related to a legitimate government interest. *See, e.g.*, *United States v. Ramirez-Aleman*, No. 21 Cr. 3403 (RTB), 2022 WL 1271139 (S.D. Cal. Apr. 27, 2022); *United States v. Samuels-Baldayaquez*, No 20 Cr. 83 (DCN), 2021 WL 5166488 (N.D. Ohio Nov. 5, 2021); *United States v. Novondo-Ceballos* 554 F. Supp. 3d 1114 (D.N.M. 2021). Others have applied the *Arlington Heights* test and then rejected the claims at the first step because the defendants have failed to show that Section 1326 was passed with a discriminatory purpose. *See, e.g.*, *United States v. Sanchez-Felix*, No. 21 Cr. 310 (PAB), 2021 WL 6125407 (D. Colo. Dec. 28, 2021); *United States v. Machic-Xiap*, 552 F. Supp. 3d 1055 (D. Or. 2021). Ultimately, because the defendant's motion fails under either test, the Court need not address the issue. *See Suquilanda*, 2021 WL 4895956 at *5 n.3.

2021 WL 5349103 (W.D. Okla. Nov. 16, 2021); *United States v. Rivera-Serano*, No. 21 Cr. 129 (ALM), 2021 WL 5630728 (S.D. Ohio Dec. 1, 2021); *United States v. Sanchez-Felix*, No. 21 Cr. 310 (PAB), 2021 WL 6125407 (D. Colo. Dec. 28, 2021); *United States v. Maurico-Morales*, No. 21 Cr. 298 (DLR), 2022 WL 99996 (W.D. Okla. Jan. 10, 2022); *United States v. Sifuentes-Felix*, No. 21 Cr. 337 (WJM), 2022 WL 293228 (D. Colo. Feb. 1, 2022); *United States v. Ferretiz-Hernandez*, No. 21 Cr. 63 (JA) (PRL), 2022 WL 815339 (M.D. Fla. Feb. 2, 2022), *adopted* 2022 WL 815331 (M.D. Fla. Mar. 17, 2022); *United States v. Felix-Salinas*, No. 21 Cr. 70 (JA) (PRL), 2022 WL 815301 (M.D. Fla. Feb. 2, 2022), *adopted* 2022 WL 815271 (M.D. Fla. Mar. 17, 2022); *United States v. Hernandez Lopez*, --- F. Supp. 3d ---, No. 21 Cr. 440 (LHR), 2022 WL 313774 (S.D. Tex. Feb. 2, 2022); *United States v. Ponce-Galvan*, No. 21 Cr. 2227 (MLH), 2022 WL 484990 (S.D. Cal. Feb. 16, 2022); *United States v. Muñoz-De La O*, --- F. Supp. 3d ---, No. 20 Cr. 134 (RMP), 2022 WL 508892, (E.D. Wash. Feb 18, 2022); *United States v. Muria-Palacios*, No. 21 Cr. 23 (JAM), 2022 WL 956275 (E.D. Cal. Mar. 29, 2022); *United States v. Gamez-Reyes*, No. 21 Cr. 123 (CMA), 2022 WL 990717 (D. Colo. Mar. 31, 2022); *United States v. Ramirez-Aleman*, 21 Cr. 3403 (RTB), 2022 WL 1271139 (S.D. Cal. Apr. 27, 2022); *United States v. Porras*, No. 21 Cr. 158 (TMD), 2022 WL 1444311 (N.D. Ill. May 6, 2022).

These courts have rejected the identical motions because of the same flaw that dooms Crespo's motion here: Crespo cannot show that Section 1326 was enacted with a discriminatory purpose. At most, Crespo may be able to show that a different immigration law, the one passed in 1929, was enacted with a discriminatory purpose, but "this evidence bears little weight on Section 1326, which was officially reenacted as a felony offense in 1952 as part of the broader Immigration and Nationality Act." *Suquilanda*, 2021 WL 4895956, at *5. The defendant argues that racism was "the primary factor" behind the criminalization of illegal reentry in 1929, and that Section 1326's enactment in 1952 as part of the INA did not cleanse the taint of Congress's original motive. Def. Mem. 8-14. He further argues "the 1952 Congress remained silent" when it passed Section 1326 and did not explicitly address the discriminatory purpose of the 1929 act. Def. Mem. 13. This does not create a viable claim of intentional discrimination.

The Supreme Court has been explicit, "past discrimination cannot, in the manner of original sin, condemn governmental action that is not itself unlawful. The ultimate question remains whether a discriminatory intent has been proved in a given case." *Abbott v. Perez*, 138 S. Ct. 2305, 2324–25 (2018) (alteration, citation, and internal quotation marks omitted). The historical context in which a law was passed is not irrelevant, but the law is clear: evidence of prior discrimination cannot satisfy the defendant's burden here. *See McCleskey v. Kemp*, 481 U.S. 279, 298 n.20 (1987) ("[U]nless historical evidence is reasonably contemporaneous with the challenged decision, it has little probative value."); *Hayden v. Paterson*, 594 F.3d 150, 165 (2d Cir. 2010) (no plausible claim of intentional discrimination as to the enactment of a state constitutional provision where plaintiffs alleged impermissible motive only as to earlier enactments).

Further, the INA was "a comprehensive overhaul of the nation's immigration laws" passed after a "a comprehensive review of the entire panoply of the nation's immigration laws . . . . [and] after study by committee and significant debate." *Machic-Xiap*, 552 F. Supp. 3d at 1061, 1076. And since its enactment, Section 1326 has been amended numerous times, throughout the 1980s and 1990s. *See* Pub. L. No. 100-690, § 7345, 102 Stat. 4181; Pub. L. No. 101-649, 104 Stat. 4978; Pub. L. No. 103-322, 108 Stat. 1796; Pub. L. No. 104-132, 110 Stat. 1214; Pub. L. No. 104-208,

110 Stat. 3009. These amendments have served to "enhance penalties or otherwise rebalance the deterrent effect of the law." *Suquilanda*, 2021 WL 4895956, at *5. The defendant makes no arguments that Section 1326, which has been strengthened in the years since it was first passed, was amended with a discriminatory motive, *see* Def. Mem. 8-14, further sinking his claim that he is charged with violating a law that was enacted with a discriminatory purpose.

The Court should align itself with the vast majority of jurists to address the issue and deny Crespo's motion.

Respectfully Submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Andrew Jones
Assistant United States Attorney
(212) 637-2249